UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA,      )
                               )
        Plaintiff,             )
                               )      No. 6:25-cr-48-REW-HAI-2
v.                             )
                               )
LUIS AMILCAR RUIZ-MEJIA,       )      ORDER
                               )
        Defendant.             )
                               )
                               )
             *** *** *** ***

After conducting Rule 11 proceedings, *see* DE 106 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Luis Amilcar Ruiz-Mejia's guilty plea and adjudge him guilty of the sole count of the Indictment (DE 1). *See* DE 107 (Recommendation); *see also* DE 104 (Plea Agreement). Judge Ingram expressly informed Ruiz-Mejia of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 107 at 2-3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 107, **ACCEPTS** Ruiz-Mejia's guilty plea, and **ADJUDGES** Ruiz-Mejia guilty of the sole count of the Indictment.

2. The Court will issue a separate sentencing order.[1]

This the 16th day of June, 2026.

Signed By:
Robert E. Wier
United States District Judge

---

[1] Ruiz-Mejia was remanded to custody post-plea, which preserved his status following arraignment. *See* DE 40; DE 106. As such, Ruiz-Mejia will remain in custody pending sentencing, subject to intervening orders.

2